Okey, J.
In overruling the demurrer to the reply, the court found as follows: “ While the facts stated in said re *286 ply do not constitute a sufficient reply to the second defense, yet the court also finds that the said second defense does not contain facts sufficient to bar the said plaintiff’s action, and thereupon the court do overrule said demurrer.”
The rule, under our former practice, that a demurrer reached the first pleading defective in matter of substance, was not one of universal application. It had peculiar limitations, some of which would be inapplicable to our present system of pleading and procedure; but no doubt the principle, the substance of the rule, is as applicable to our present system as it was to the former practice. Trott v. Sarchett, 10 Ohio St. 242; Hillier v. Stewart, 26 Ohio St. 652; Headington v. Neff, 7 Ohio (1 pt.), 229 ; Gordon v. Preston, Wright, 341; 2 Swan’s Pr. & Pre. 833; Bliss on PI., § 417; 1 Chitty’s PI. (16th Am. ed.), 700.
Even if we should regard the second answer as insufficient, the order of the court with respect to it was irregular. The proper course is indicated in Headington v. Neff. In that case there was a demurrer to the replication. The court held that the replication was insufficient; “but,” said the court, “ the demurrer to the replication opens the plea for inspection, and judgment must be given against him who committed the first fault in pleading.” Finding the plea to-be also insufficient, the court added: “The plea, then, is bad, and the court of common pleas erred in sustaining the demurrer to the replication. The court, on this demurrer to the replication, should have overruled the plea, and its decision would have been technically correct.”
While there was no order which, in terms, disposed of the second answer, the effect was the same as if a demurrer thereto had been sustained, for the company was deprived of all right to rely upon it as a defense. That defense is that the acts complained of were done and completed more than two years before this suit was brought; and the real question before us is whether that defense is sufficient.
Section 12 of the general act of 1852, relating to corpo *287 rations, was amended in 1857. 54 Ohio L. 133; 4 Cur-wen, 2954; Rev. Stats., § 3283. That act, as amended, provides, among other things, that a railroad company, desiring to occupy with its track or tracks any street in a. city, may agree with the officers of such municipal corporation having charge of the street, “ upon the manner and upon the terms and conditions upon which the same may be used and occupied. . . . Provided, that every railroad company laying down any such track or tracks, upon any such public street, . . . shall be responsible for injuries done to private property by such location, lying upon or near to such public ground, which may be recovered by civil action brought by the owner or owners, at any time within two years from the completion of such track or tracks.”
The objection to the bar under that section, which existed in the cases of Lawrence Railroad Co. against Cobb and Williams, ante, 94, 168, does not exist in this case, for the tracks were laid by the plaintiff in error on Railroad street, under an agreement with the corporate authorities of the city. The premises are “ near to ” that street; and it is difficult to see why the case is not within the statutory provision.
But it is said that, according to the law as settled in this state, Mrs. Mowatt had a right of action against the company for such injury to her property independent of the provisions of section 12; that for such injury the limitation is four years (Civil Code of 1853, § 15; Rev. 'Stat., § 4982); that this action is not prosecuted under section 12, as amended in 1857, but to enforce the common-law right; and attention is called to the fact that section 8 of the civil code of 1853 is in the alternative, the section providing that “ civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action may be commenced accordingly.”
Where authority is conferred to perform an act which *288 the public interest demands, may is generally regarded as imperative. Whether it is to be so -read in another case depends upon a fair construction of the statute. In providing a code of laws, the legislature intended it should be so construed that every part should have effect. It was within the province of the legislature to fix two years as the limitation for such injuries as are complained of in this ease, and four years as the limitation for other injuries, though of a kindred character. The intention of the legislature, as derived from all that it has said on the subject, is what we should endeavor to ascertain; and where the language admits of a reasonable construction, it would be a grave mistake to so construe it as to lead to absurd consequences. It could never have been intended that a party .sustaining the injury complained of in this case might have an election, whether the action should be governed by the limitation of two years or four years. The statement of the proposition is a refutation of it. See Rev. Stat., § 4976. The limitation of two years governs. The second answer is, therefore, sufficient, and the court erred in depriving the company of the benefit of it.
We do not find it necessary to express any opinion upon the question whether or not the matters set up in the reply are sufficient to constitute an estoppel.
The judgment will be reversed, and the cause remanded for a new trial.

Judgment reversed.